**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4482**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

TORIBIO CARBAJAL-AGUIRRE, a/k/a Silverio Hernandez-Maya,
a/k/a Toribio Carbajal, a/k/a Silverio Hernandez Maya, a/k/a
Pedro Aguire Benitez,

               Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  Catherine C. Eagles,
District Judge.  (1:13-cr-00035-CCE-1)

Submitted: November 19, 2013     Decided: November 21, 2013

Before WYNN and FLOYD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Stacey D. Rubain, QUANDER & RUBAIN, P.A., Winston-Salem, North
Carolina, for Appellant.  Kyle David Pousson, OFFICE OF THE
UNITED STATES ATTORNEY, Greensboro, North Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Toribio Carbajal-Aguirre pleaded guilty pursuant to a written plea agreement to illegally reentering the United States after having been removed based upon a felony conviction, in violation of 8 U.S.C. § 1326(a), (b)(2) (2012), and received a sentence of seventy-five months' imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal, but questioning the district court's compliance with Federal Rule of Criminal Procedure 11 and the reasonableness of the sentence. Carbajal-Aguirre was advised of his right to file a pro se supplemental brief, but has not done so. The Government declined to file a brief. We affirm.

Because Carbajal-Aguirre did not move in the district court to withdraw his guilty plea, we review the Rule 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). To prevail under this standard, Carbajal-Aguirre must establish that an error occurred, was plain, and affected his substantial rights. United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009). Our review of the record establishes that the district court substantially complied with Rule 11's requirements, ensuring that Carbajal-Aguirre's plea was knowing and voluntary.

We review Carbajal-Aguirre's sentence for reasonableness, "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51; United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). After determining whether the district court correctly calculated the advisory Guidelines range, we must decide whether the court considered the 18 U.S.C. § 3553(a) (2012) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. Lynn, 592 F.3d at 575-76; United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009).

Once we have determined that the sentence is free of procedural error, we consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51. If the sentence is within the appropriate Guidelines range, we presume that the sentence is reasonable. United States v. Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008). Such a presumption is rebutted only if the defendant demonstrates "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

We conclude that the district court committed neither procedural nor substantive error in sentencing. The court correctly calculated and considered as advisory the applicable Guidelines range. After hearing argument from defense counsel for a downward variance and allocution from Carbajal-Aguirre, the district court explained that the within-Guidelines sentence was warranted in light of Carbajal-Aguirre's prior felony convictions. Counsel does not offer any grounds to rebut the presumption on appeal that Carbajal-Aguirre's within-Guidelines sentence is substantively reasonable, and our review reveals none. Accordingly, we conclude that the district court did not abuse its discretion in sentencing Carbajal-Aguirre.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Carbajal-Aguirre's conviction and sentence. This court requires that counsel inform Carbajal-Aguirre, in writing, of the right to petition the Supreme Court of the United States for further review. If Carbajal-Aguirre requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Carbajal-Aguirre.

<u>AFFIRMED</u>

4